UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LORRIE MANION,

Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION, et al.,

Defendants.

Case No.:  26-cv-00898-AJB-MMP

**ORDER**

On February 23, 2026, the Court issued an Order to Show Cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction. (Doc. No. 6.) On March 9, 2026, Defendants Costco Wholesale Corporation and Veronic Steed (collectively "Defendants") filed an amended notice of removal to remedy the deficiencies identified by the Court. (Doc. No. 7.) Specifically, Defendants plead Steed's citizenship (rather than residency) and add allegations as to Defendant Aaron Campbell, any mention of whom was omitted from the original notice of removal. (*Compare* Doc. No. 1 *with* Doc. No. 7 ¶¶ 7–9.) On March 16, 2026, Plaintiff Lorrie Manion ("Plaintiff") filed an opposition to Defendants' amended notice of removal, arguing that Steed was not fraudulently joined, the complaint states a possible claim against Steed, and thus diversity does not exist. (Doc. No. 8.) Plaintiff does not address Campbell's citizenship or the amount in controversy. (*Id.*)

1

With regard to the amount in controversy, based on the record as a whole and Plaintiff's lack of opposition to this issue, the Court **DISCHARGES** the OSC as to the amount in controversy.

With regard to Campbell, Defendants' amended notice of removal is still deficient. First, Defendants improperly conflate the need to plead citizenship of all parties with the need to have a notice of removal joined by all served defendants. (*See* Doc. No. 7 ¶¶ 7–8.) The fact that Campbell has not been served has no bearing on whether his presence destroys diversity jurisdiction. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."). Defendants still fail to allege Campbell's citizenship as required to properly plead this Court's jurisdiction. Second, Defendants add that "Aaron Campbell is the General Manager of the Costco warehouse 101 Town Center Pkwy, Santee, CA 92071 and would not have been involved in the subject incident." (Doc. No. 7 ¶ 9.) However, Defendants fail to address how this assertion bears on citizenship or on the existence of jurisdiction more generally.

With regard to Steed, Defendants' amended notice of removal pleads citizenship properly. (*Id.* ¶ 5 ("Defendant[] Veronica Steed is a citizen of the state of California.").) However, as Plaintiff is also a citizen of California, Steed is a non-diverse defendant. Defendants assert—without factual or legal support—that Steed "appears to have been named to create a fraudulent joinder." (*Id.* ¶ 6.) In opposition, Plaintiff states that, "[i]n the Complaint, Steed, as the store manager, is named as a defendant in her individual capacity as the Complaint alleges she negligently 'managed and controlled the premises.'" (Doc. No. 8 at 6.)

"There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044

26-cv-00898-AJB-MMP

(9th Cir. 2009)). "Fraudulent joinder is established the second way if a defendant shows that an 'individual joined in the action cannot be liable on any theory.'" *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046.

Considering the latter method to establish fraudulent joinder, the complaint at issue asserts two causes of action under California law: (1) negligence and (2) premises liability. (*See* Doc. No. 1, First Amended Complaint, at 7–12.) "The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Ct.*, 1 Cal. 5th 1132, 1158 (2016). "Premises liability 'is grounded in the possession of the premises and the attendant right to control and manage the premises'; accordingly, 'mere possession with its attendant right to control conditions on the premises is a sufficient basis for the imposition of an affirmative duty to act.'" *Id.* (quoting *Preston v. Goldman*, 42 Cal.3d 108, 118(1986)). "Under California law, a store manager may be held individually liable for negligence." *Padilla v. Costco Wholesale Corp.*, No. 25-CV-07408-EMC, 2025 WL 3633035, at *2 (N.D. Cal. Dec. 15, 2025) (collecting cases); *see, e.g.*, *Mackovski v. Costco Wholesale Corp.*, No. 8:23-CV-02272-FWS-DFM, 2024 WL 2732244, at *3 (C.D. Cal. May 28, 2024) ("[D]istrict courts in the Ninth Circuit have specifically allowed a plaintiff to bring premises liability claims against store managers in situations similar to the instant action.") (collecting cases). "As a result, there is an array of authorities remanding slip-and-fall premises liability cases against nondiverse store managers for lack of fraudulent joinder." *Murdock v. Costco Wholesale Corp.*, No. EDCV 25-02200-MWF (MBKX), 2025 WL 2985227, at *2 (C.D. Cal. Oct. 22, 2025) (collecting cases).

Defendants' amended notice of removal is insufficient to discharge the Court's OSC with regard to the citizenship of Campbell and Steed. **Accordingly, the Show Cause Hearing remains on calendar for <u>March 26, 2026, at <u>10:00 AM</u>.** (*See* Doc. No. 6.) All

appearances must be in person. *See* J. Battaglia Civ. Case Proc. § II. Defendants must be prepared to address the following:

1. The citizenship of Defendant Aaron Campbell;

2. The legal and factual basis for asserting Defendant Veronica Steed was fraudulently joined; and

3. The case law raised both by Plaintiff Lorrie Manion in opposition and the Court herein regarding the standard and applicability of fraudulent joinder to the instant action.

Defendants must be prepared to support factual assertions with competent proof. *See Grancare, LLC*, 889 F.3d at 548 ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'") (quoting *Hunter*, 582 F.3d at 1046); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); *see also Mackovski v. Costco Wholesale Corp.*, No. 8:23-CV-02272-FWS-DFM, 2024 WL 2732244, at *4 (C.D. Cal. May 28, 2024) (addressing evidence required for a finding of fraudulent joinder); *Berryhill v. Costco Wholesale Corp.*, No. 2:23-CV-00315 WBS AC, 2023 WL 3302869, at *2 (E.D. Cal. May 8, 2023) (same).

**IT IS SO ORDERED.**

Dated: March 17, 2026

Hon. Anthony J. Battaglia
United States District Judge

4